NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARLON LAWRENCE HOBBS, *Appellant.*

No. 1 CA-CR 16-0573
FILED 6-22-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-112213-001
The Honorable Mark H. Brain, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

J O H N S E N, Judge:

¶1        Marlon Lawrence Hobbs timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of two counts of aggravated driving while under the influence of intoxicating liquor, each a Class 4 felony.  Hobbs's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Hobbs was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Hobbs's convictions and sentences as modified.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        A Phoenix police officer stopped a vehicle after he saw it speeding and drifting out of its lane.[1]  At trial, the officer identified the driver as Hobbs, and testified Hobbs displayed slurred speech, watery bloodshot eyes and other signs of driving under the influence.  A blood test revealed Hobbs's blood alcohol concentration was 0.218.

¶3        A jury found Hobbs guilty of two counts of aggravated driving while under the influence of intoxicating liquor, in violation of Arizona Revised Statutes ("A.R.S.") sections 28-1381(A)(1) (2017), -1381(A)(2), -1383(A)(1) (2017).[2]  The jury also found the aggravating circumstance of committing the offense while on release for a pending felony offense.  After finding two historical prior felony convictions, the superior court sentenced Hobbs to a term of 12 years' incarceration on each

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Hobbs. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

charge, to be served concurrently. The 12-year terms included presumptive terms of 10 years plus two additional years because the offenses were committed while on release, pursuant to A.R.S. §§ 13-701(C) (2017) and -703(J) (2017). The court granted Hobbs 523 days of presentence incarceration credit.

¶4        Hobbs timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

¶5        The record reflects Hobbs received a fair trial. Hobbs was represented by counsel at all stages of the proceeding except during a period in which he waived counsel.[3] Hobbs was present at all critical stages; his lawyer waived Hobbs's presence at a pretrial conference at which the court excluded 69 days for purposes of Arizona Rule of Criminal Procedure 8. Later, representing himself, Hobbs filed a "Motion to Redetermine Last Day and Dismiss for violation of Rule 8," asserting he had been coerced into waiving the 69 days because he was not present at that pretrial conference and had not waived his right to be present. Hobbs also claimed he had been coerced into waiving time on another occasion, but did not elaborate. The superior court may rely on counsel's waiver of a defendant's presence; "personal waiver by the defendant is not required." *State v. Rose*, 231 Ariz. 500, 504, ¶ 9 (2013) (quoting *State v. Canion*, 199 Ariz. 227, 234, ¶ 26 (App. 2000)). The superior court did not err in denying Hobbs's motion because Hobbs failed to show that he was prejudiced by his absence. *See State v. Dann*, 205 Ariz. 557, 575, ¶ 73 (2003).

¶6        The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Hobbs's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶7        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous

---

3        Hobbs filed a motion for waiver of counsel, which the court granted after finding that he made the decision to represent himself knowingly, willingly and voluntarily. At trial, Hobbs asked to revoke his prior waiver of counsel, and the court re-appointed counsel for him.

verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court considered sentencing recommendations from the State and from the defense and imposed legal sentences for the crimes of which Hobbs was convicted.

## CONCLUSION

**¶8** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. We affirm the convictions and the resulting sentences, but modify the judgment to state that the conviction on count two was for violating A.R.S. § 28-1381(A)(2) rather than A.R.S. § 28-1381(A)(1).

**¶9** Defense counsel's obligations pertaining to Hobbs's representation in this appeal have ended. Counsel need do no more than inform Hobbs of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Hobbs has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Hobbs has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA